1  MANATT, PHELPS & PHILLIPS, LLP
   Jill M. Pietrini (Bar No. CA 138335)
2     jpietrini@manatt.com
   Barry E. Mallen (Bar No. CA 120005)
3     bmallen@manatt.com
   Paul A. Bost (Bar No. CA 261531)
4     pbost@manatt.com
   11355 West Olympic Boulevard
5  Los Angeles, CA 90064-1614
   Telephone: (310) 312-4000
6  Facsimile: (310) 312-4224

7  *Attorneys for Plaintiff*
   SUMMIT ENTERTAINMENT, LLC
8

9

10              UNITED STATES DISTRICT COURT
             CENTRAL DISTRICT OF CALIFORNIA
11                  WESTERN DIVISION

12

13  SUMMIT ENTERTAINMENT, LLC,          Case No. CV10-00939-GHK(Ex)
    a Delaware limited liability company,
14                                       COMPLAINT FOR FALSE
              Plaintiff,                 DESIGNATION OF ORIGIN,
15                                       TRADEMARK INFRINGEMENT,
          v.                             TRADEMARK DILUTION,
16                                       COPYRIGHT INFRINGEMENT,
    TOPICS ENTERTAINMENT, INC., a        AND UNFAIR COMPETITION
17  Washington corporation; GREG
    JAMES, an individual; RALPH          (DEMAND FOR JURY TRIAL)
18  GALVAN, an individual; CHRIS
    ABERNATHY, an individual; and
19  DOES 1-10, inclusive,

20              Defendants.

21

22      Plaintiff Summit Entertainment, LLC ("Summit"), for its complaint against

23  defendants Topics Entertainment, Inc. ("Topics"), Greg James ("James"), Ralph

24  Galvan ("Galvan"), and Chris Abernathy ("Abernathy") (collectively,

25  "Defendants"), and Does 1-10, alleges as follows:

26                          **JURISDICTION**

27      1.    This action arises under the trademark and anti-dilution laws of the

28  United States, 15 U.S.C. § 1125, *et seq.*; the Copyright Act of 1976, as amended,

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

17 U.S.C. § 101, *et seq.*; and under the statutory and common law of unfair competition.  This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and (b), and § 1367, 15 U.S.C. § 1121, and 17 U.S.C. § 501.  This action arises under the laws of the United States.

2.     Venue is proper under 28 U.S.C. §§ 1391(b) and (c) in this case because Summit resides in this District, and on information and belief, Defendants are subject to personal jurisdiction in this District, and a substantial part of the events or omissions giving rise to Summit's claims occurred in this District.

## PARTIES

3.     Summit is a Delaware limited liability company having its principal place of business in Santa Monica, California.

4.     On information and belief, Topics is a Washington corporation having its principal place of business in Renton, Washington.

5.     On information and belief, James is an individual residing in Medina, Washington.

6.     On information and belief, Galvan is an individual residing in Washington.

7.     On information and belief, Abernathy is an individual residing in Los Angeles, California.

## FACTS

### Summit's Business, Trademarks, and Copyrights

8.     Since 1991, Summit and its predecessors have been an active participant in the motion picture industry.  Summit finances, produces and distributes films and related entertainment products.

9.     Summit has also been involved in licensing trademarks associated with the motion pictures that it produces and distributes for merchandise sales.

10.     Summit produced and distributes the movie *Twilight*, the extremely successful and popular film about a teenage girl, Isabella ("Bella") Swan, who falls

in love with a vampire, Edward Cullen.  Bella's other suitor in the film is Jacob Black, a werewolf.  The film was released in the United States on November 21, 2008, and was promoted for many months prior to its release.  Summit released a second motion picture in the *Twilight* series, *The Twilight Saga:  New Moon* ("*New Moon*"), in the United States on November 20, 2009.  Summit is releasing *New Moon* for sale and rental on digital versatile disc ("DVD") on March 20, 2010.

11.    Summit is the owner of the trademark TWILIGHT in block letters, and in a distinctive stylized font (the "stylized TWILIGHT mark") (collectively "the TWILIGHT Marks") and owns the trademark NEW MOON.  Summit owns 36 pending federal trademark applications to register the TWILIGHT Marks and 19 pending federal trademark applications to register the NEW MOON trademark for use on various types of goods and services.  Summit's stylized TWILIGHT mark is shown below:

twilight

12.    Summit has licensed the TWILIGHT Marks and the NEW MOON mark to third parties to sell a wide variety of products, including motion pictures and DVDs.  Summit's licensees first sold motion pictures bearing the TWILIGHT Marks in November of 2008 and DVDs bearing the TWILIGHT Marks in March of 2009.  Summit continues to sell such DVDs.

13.    Summit is the copyright owner of both the screenplay and the motion pictures *Twilight* and *New Moon* (the "*Twilight* Motion Pictures"), as well as all publicity, promotional, unit, and special shoot photography related thereto and the trailers for the *Twilight* Motion Pictures.  Summit has licensed its copyrighted content to third parties for embodiment on DVDs featuring the *Twilight* Motion Pictures, as well as for various items of merchandise related to the *Twilight* Motion Pictures and bearing the TWILIGHT Marks and the NEW MOON mark.

14.    Summit is the exclusive licensee of all rights of every kind and nature

in and to or relating to the documentary film *Twilight in Forks: The Saga of the Real Town* (the "Authorized Documentary"), including but not limited to, theatrical, non-theatrical, home entertainment/DVD, television, on-demand, internet distribution, ship and aircraft rights, publishing, soundtrack, and merchandising, and all other distribution rights.  The Authorized Documentary was directed, filmed, and produced by Westend Entertainment, LLC, dba Heckelsville Media, LLC ("Heckelsville").  Summit acquired all exclusive rights to the Authorized Documentary by way of a written license agreement with Heckelsville entered into on September 4, 2009.  The Authorized Documentary is about Forks, Washington and other locales located in the Pacific Northwest featured in the *Twilight* Motion Pictures and documents the relationship between these various locales and the *Twilight* Motion Pictures.  Heckelsville created packaging for the Authorized Documentary which included the TWILIGHT Marks in a slightly different font and other copyrightable material ("Original Authorized Documentary Cover").  A true and correct copy of the Original Authorized Documentary Cover is attached hereto as **Exhibit A**.  Heckelsville owns the copyright in the Authorized Documentary and in the Original Authorized Documentary Cover.  Summit is the exclusive licensee of Heckelsville's rights in the Authorized Documentary and the Original Authorized Documentary Cover.  The current packaging and content of the Authorized Documentary incorporates the TWILIGHT Marks and Summit's copyrighted content ("Authorized Documentary Cover").  A true and correct copy of the Authorized Documentary Cover is attached hereto as **Exhibit B**.  Summit owns the copyright and all rights in the Authorized Documentary Cover.  The Authorized Documentary is set to be released for sale to the public by Summit on March 20, 2010.

15.    Applications to register the copyright in the Authorized Documentary, the Original Authorized Documentary Cover, and the Authorized Documentary Cover are pending with the U.S. Copyright Office.

**Defendant and The Infringing Actions**

16.     On information and belief, Topics is a multimedia publisher, producer and distributor of, among other things, software and DVDs.

17.     On information and belief, Topics distributes its DVDs widely in various outlets throughout the United States including general retail stores, media retail stores, internet retail stores, bookstores, and other retail stores.  In addition, Defendant operates a website at <www.topics-ent.com> and markets its DVDs from that website as well.

18.     On information and belief, James is the President and Chief Executive Officer of Topics, and directs the activities of Topics.

19.     In or around August, 2009, Topics, James, and Heckelsville met in person and on the telephone a number of times to discuss the possibility of Topics acquiring the rights to the Authorized Documentary.  Initially, James was not familiar with the *Twilight* Motion Pictures and was lukewarm to the Authorized Documentary.  After researching the matter further, James told Heckelsville that Topics was interested in acquiring the Authorized Documentary.  During the course of these meetings, Heckelsville and its principals discussed in detail the prospective contents of the Authorized Documentary and provided Topics and James, with a document detailing the contents thereof (the "One-Sheet") and a mock cover for the Authorized Documentary, the Authorized Documentary trailer, and a retail box sample of the Authorized Documentary.  The mock cover included another, less detailed synopsis of the Authorized Documentary and four framed photographs, including photographs of a red truck known as Bella's Truck and the Welcome Sign in Forks, Washington.  True and correct copies of the One-Sheet and the mock cover for the Original Authorized Documentary are attached hereto as **Exhibit C** and the aforementioned **Exhibit A**, respectively.

20.     In or around August 31, 2009, Heckelsville informed Topics that it was going to enter a deal with Summit for Summit to acquire the exclusive rights to the

1   Authorized Documentary, and not with Topics.

2       21.   Summit decided to release the Authorized Documentary on DVD on

3   March 20, 2010 in conjunction with its release of the *New Moon* DVD on

4   March 20, 2010.  In November 2009, Summit began soliciting orders from retailers

5   desiring to stock and sell the Authorized Documentary.  On January 15, 2010,

6   Summit officially announced the availability of the Authorized Documentary, and

7   retailers who purchased the Authorized Documentary were permitted to take pre-

8   orders for the Authorized Documentary from customers, who are then shipped the

9   Authorized Documentary on or about its release date.  These advertisements and

10  listings included an image of the updated Authorized Documentary's DVD cover.

11  The Authorized Documentary Cover prominently features the title of the

12  Authorized Documentary and an image of a moonlit forest of trees.  The back of the

13  Authorized Documentary Cover features a synopsis of the Authorized Documentary

14  and four photographs, including photographs of Bella's Truck and the Welcome

15  Sign in Forks, Washington.

16      22.   The Authorized Documentary's manufacturer's suggested retail price is

17  $19.99.

18      23.   On January 27, 2010, Summit learned that Defendants had sent copies

19  of a flyer (the "Flyer") to national retailers, including, but not limited to, Best Buy,

20  Sam's Club, and Target, advertising the impending sale of a documentary it was

21  distributing for sale on DVD entitled *Forks:  Bitten by Twilight* (the "Topics

22  Documentary").  A true and correct copy of the Flyer is attached hereto as

23  **Exhibit D**.  The Flyer depicts the DVD's cover (the "Topics Documentary's

24  Cover") and a synopsis of the contents of the Topics Documentary.  The Topics

25  Documentary's Cover features the title *Forks:  Bitten by Twilight*, in which the term

26  TWILIGHT is the most prominent word.  TWILIGHT is featured in the middle of

27  the Cover in red text, and is substantially larger than any of the other words

28  featured on the Cover.  It is used in a similar manner on the binding of the Cover.

Topics uses the TWILIGHT trademark in a confusingly similar font as the stylized TWILIGHT mark used by Summit for the *Twilight* Motion Pictures, on Twilight-licensed merchandise, and on the Authorized Documentary. For comparison, Topics' infringing use appears on the right.

| **Summit's Stylized Mark** | **Heckelsville Font** | **Topics' Infringing Use** |
|:---:|:---:|:---:|
|  |  |  |

24.     The Topics Documentary's Cover also features an image of a moonlit forest of trees, and the following quotation attributed to the author, Stephenie Meyer, of the *Twilight* novel on which the *Twilight* motion picture is based: ". . . And there, right where I wanted it to be, was a tiny town called 'Forks.'" On information and belief, Topics did not receive Ms. Meyer's permission to use the quote on the Cover. The Flyer features a synopsis of the Topics Documentary and four framed photographs in a row, including photographs of Bella's Truck and the Welcome Sign in Forks, the banner "Special Collector's Edition", and a synopsis of the content of the Topics Documentary. The Flyer lists the Topics Documentary's manufacturer's suggested retail price as $19.99.

25.     Defendants have been actively selling the Topics Documentary to national retailers, including Best Buy, Sam's Club, and Target, and various online retailers, some of which are offering the Topics Documentary for pre-sale to the public now, for delivery on or about the release date. Defendants are planning to release the Topics Documentary on March 16, 2010, just four days before the release of the *New Moon* DVD and the Authorized Documentary on March 20, 2010. Summit has been informed by such retailers that Topics has rushed its release date to coincide with the release date of the *New Moon* DVD and the Authorized Documentary on March 20, 2010. The *New Moon* DVD and Authorized Documentary will be sold at some of the same retail outlets as the

1  Topics Documentary.

2      26.   Topics did not receive authorization or permission from Summit to use

3  its TWILIGHT trademark in any format.

4      27.   Topics' unauthorized use of the TWILIGHT mark and use of a cover

5  that is confusingly or substantially similar to the Authorized Documentary Cover

6  has already resulted in confusion as to the source of the Topics Documentary and is

7  likely to result in continued confusion amongst retailers and the general public.

8      28.   On information and belief, the Topics Documentary was filmed and

9  directed by Galvan and Abernathy.  On information and belief, per the terms of

10  their agreement, Topics was assigned the copyright in the Topics Documentary

11  from Galvan and Abernathy, or owns it as a work for hire.  Galvan is an employee

12  of Topics, and has been so since well before August 2009.

13      29.   On information and belief, the Topics Documentary features content

14  infringing Summit's copyrights in the *Twilight* Motion Pictures, and/or the

15  Authorized Documentary Cover, and/or its exclusive rights in the Authorized

16  Documentary, and the Original Authorized Documentary Cover.

17      30.   On January 29, 2010, Summit mailed and faxed Topics a letter

18  demanding that Topics cease and desist its infringing activities.  A true and correct

19  copy of Summit's demand letter to Topics is attached hereto as **Exhibit E**.  James

20  responded, on behalf of Topics, by telephone to Summit on the afternoon of

21  January 29, 2010.  James admitted to engaging in negotiations to distribute the

22  Authorized Documentary with Heckelsville.  James also admitted that Topics' use

23  of the TWILIGHT mark was unauthorized and similar to the manner in which

24  Summit uses the TWILIGHT mark on DVDs and other merchandise.  James denied

25  that Topics had committed copyright infringement.

26      31.   In subsequent conversations, James claimed that the Topics

27  Documentary was produced by an independent producer named Ralph Galvan and

28  Galvan's partner.  Galvan also made these representations to Summit in telephone

1   conversations the week of February 1, 2010.  Summit later discovered that Galvan

2   is an employee of Topics, despite James' and Galvan's representations otherwise.

3   James also claimed that Topics had redesigned the Topics Documentary's Cover so

4   that it was allegedly no longer infringing.  The image of the original Topics

5   Documentary's Cover appears on various internet retailers' websites, and is being

6   pre-sold to customers before its release date of March 16, 2010.  No changes appear

7   to have been made to the Topics Documentary's Cover.

8        32.    Topics' actions were willful.  Topics is a sophisticated media company

9   well acquainted with federal and common law intellectual property laws, and

10   Topics knew that it had to receive Summit's permission or authorization to use its

11   copyrighted material and/or its trademarks.  Topics only decided to film the Topics

12   Documentary after meeting with Heckelsville, discussing in detail with

13   Heckelsville the contents of the Authorized Documentary, viewing the One-Sheet

14   and original mock cover to the Authorized Documentary, and then not being given

15   the right to acquire the Authorized Documentary.  Galvan and Abernathy did not

16   begin filming the documentary until, at the earliest, October 2009.

17        33.    Defendants are continuing to promote, advertise, and sell the Topics

18   Documentary, despite Summit's demand to stop, and have informed Summit that

19   they intend to continue.

## **FIRST CAUSE OF ACTION**

### **(False Designation of Origin – 15 U.S.C. § 1125(a))**

22        34.    Summit repeats and realleges each and every allegation of paragraphs 1

23   through 33, above, as though fully set forth herein.

24        35.    Defendants' actions as alleged herein constitute a false designation of

25   origin in violation of 15 U.S.C. § 1125(a).

26        36.    The use of the TWILIGHT Marks and the use of the Topics

27   Documentary's Cover by Defendants constitutes a false description or

28   representation that wrongfully and falsely designates the Topics Documentary as

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

9

1    originating from Summit, or being associated or connected with Summit or the

2    *Twilight* Motion Pictures, or licensed, approved, or authorized by Summit.

3        37.    As a direct and proximate result of Defendants' wrongful acts, Summit

4    has suffered and continues to suffer and/or is likely to suffer damage to its

5    trademarks, business reputation, and goodwill.  Defendants will continue to use

6    and/or will restart the use of, unless restrained, the TWILIGHT Marks and the

7    Topics Documentary's Cover and will cause irreparable damage to Summit.

8    Summit has no adequate remedy at law and is entitled to an injunction restraining

9    Defendants, their officers, agents, and employees, and all persons acting in concert

10   with Defendants, from engaging in further acts of false designation of origin.

11       38.    Summit is further entitled to recover from Defendants the actual

12   damages that it sustained and/or is likely to sustain as a result of Defendants'

13   wrongful acts.  Summit is presently unable to ascertain the full extent of the

14   monetary damages that it has suffered and/or is likely to sustain by reason of

15   Defendants' acts of false designation of origin.

16       39.    Summit is further entitled to recover from Defendants the gains,

17   profits, and advantages that Defendants have obtained as a result of its wrongful

18   acts.  Summit is presently unable to ascertain the extent of the gains, profits, and

19   advantages that Defendants have realized by reason of their acts of false

20   designation of origin.

21       40.    Because of the willful nature of Defendants' wrongful acts, Summit is

22   entitled to an award of treble damages and increased profits pursuant to 15 U.S.C.

23   § 1117 and destruction of the Topics Documentary under 15 U.S.C. § 1118.

24       41.    Summit is also entitled to recover its attorneys' fees and costs of suit

25   pursuant to 15 U.S.C. § 1117.

26                    ## SECOND CAUSE OF ACTION

27                          **(Trademark Infringement)**

28       42.    Summit repeats and realleges each and every allegation of paragraphs

1 through 41, above, as though fully set forth herein.

43. Defendants have used in commerce, without Summit's permission, the TWILIGHT Marks in a manner that is likely to cause confusion with respect to the source and origin of the Topics Documentary and is likely to cause confusion or mistake and to deceive purchasers as to the affiliation, connection, or association of Summit with Defendants and/or their products.

44. Defendants' acts constitute infringement of the TWILIGHT Marks in violation of the common law.

45. As a direct and proximate result of Defendants' wrongful acts, Summit has suffered and continues to suffer and/or is likely to suffer damage to its trademark, business reputation, and goodwill.  Defendants will continue to use and/or will restart the use of, unless restrained, the TWILIGHT Marks and will cause irreparable damage to Summit.  Summit has no adequate remedy at law and is entitled to an injunction restraining Defendants, their officers, agents, and employees, and all persons acting in concert with Defendants, from engaging in further acts of infringement.

46. Summit is further entitled to recover from Defendants the actual damages that it sustained and/or is likely to sustain as a result of Defendants' wrongful acts.

47. Summit is further entitled to recover from Defendants the gains, profits, and advantages that Defendants have obtained as a result of their wrongful acts.

48. Because of the willful nature of Defendants' wrongful acts, Summit is entitled to an award of punitive damages under the common law.

## THIRD CAUSE OF ACTION

### (Dilution -- 15 U.S.C. § 1125(c); Cal. Bus. & Prof. Code § 14330)

49. Summit repeats and realleges each and every allegation of paragraphs 1 through 48, above, as though fully set forth herein.

50.    Summit has used the TWILIGHT Marks to identify its products, including DVDs, relating to the *Twilight* Motion Pictures before Defendants began promoting and selling the Topics Documentary or otherwise used the TWILIGHT Marks.  The TWILIGHT Marks are inherently distinctive and have acquired distinction through Summit's extensive, continuous, and exclusive use of the TWILIGHT Marks.

51.    The TWILIGHT Marks are famous and distinctive within the meaning of 15 U.S.C. §§ 1125(c)(1) and 1127 and Cal. Bus. & Prof. Code § 14330.

52.    Defendants' use of the TWILIGHT Marks is likely to dilute the distinctive quality of Summit's mark in violation of 15 U.S.C. § 1125(c) and Cal. Bus. & Prof. Code § 14330.

53.    Defendants' acts complained of herein are likely to damage Summit irreparably.  Summit has no adequate remedy at law for such wrongs and injuries. The damage to Summit includes harm to its trademarks, goodwill, and reputation that money cannot compensate.  Summit is, therefore, entitled to a preliminary and permanent injunction enjoining Defendants' use of the TWILIGHT Marks in connection with the promotion, advertisement and sale of any goods by Defendants.

54.    Summit is further entitled to recover from Defendants its actual damages sustained by Summit as a result of Defendants' wrongful acts.  Summit is presently unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendants' acts of dilution.

55.    Summit is further entitled to recover from Defendants the gains, profits, and advantages Defendants have obtained as a result of their wrongful acts. Summit is presently unable to ascertain the extent of the gains, profits and advantages Defendants have realized by reason of Defendants' willful acts of dilution.

56.    Because of the willful nature of Defendants' actions, Summit is entitled to all remedies available under 15 U.S.C. §§ 1117 and 1118.

## FOURTH CAUSE OF ACTION

### (Copyright Infringement)

57.     Summit repeats and realleges each and every allegation of paragraphs 1 through 56, above, as though fully set forth herein.

58.     The *Twilight* Motion Pictures, the Authorized Documentary, and the Authorized Documentary Cover are all original works of authorship owned by Summit and are copyrightable subject matter under the laws of the United States. The *Twilight* Motion Pictures are the subject of valid copyright registrations -- specifically, registration nos. PA0001616599 and PA0001653512 owned by Summit. The Authorized Documentary is the subject of pre-registration number PRE000002872, filed by Heckelsville, along with a pending application for actual registration. The Original Authorized Documentary Cover and Authorized Documentary Cover are the subject of pending copyright applications, filed with the U.S. Copyright Office. Summit will amend its complaint to allege the copyright registrations in the Authorized Documentary, the Original Authorized Documentary Cover, and the Authorized Documentary Cover once they issue. The Original Authorized Documentary Cover and the Authorized Documentary Cover were fixed in a tangible medium by printing of the images and/or by uploading the images to a hard drive and publishing the images bearing the Authorized Documentary Cover and the Original Authorized Documentary Cover.

59.     Summit is the copyright owner of the *Twilight* Motion Pictures and the Authorized Documentary Cover, and at all times relevant to the complaint, Summit is and has been the sole exclusive authorized licensor of the *Twilight* Motion Pictures and the Authorized Documentary Cover in the United States in connection with the issuance of licenses for use of the *Twilight* Motion Pictures and the Authorized Documentary's Cover. Summit is the exclusive licensee of all rights associated with the Authorized Documentary and the Original Authorized Documentary Cover.

60.     Defendants had access to the *Twilight* Motion Pictures through their wide theatrical release and Summit's wide release of *Twilight* on DVD.  On information and belief, Galvan is a fan of the *Twilight* Motion Pictures.  Defendants had access to the contents of the Authorized Documentary and the Original Authorized Documentary Cover through their aforementioned detailed discussions with Heckelsville regarding the contents of the Authorized Documentary, and receipt of materials relating to the Authorized Documentary and receipt of the Original Authorized Documentary Cover from Heckelsville prior to making the Topics Documentary.  Defendants had access to the Authorized Documentary Cover through its proliferation over the internet, which Galvan admits having reviewed.

61.     Defendants have violated Summit's exclusive rights in and to the *Twilight* Motion Pictures, the Authorized Documentary, the Original Authorized Documentary Cover, and/or the Authorized Documentary Cover by unlawfully using, reproducing, displaying, and distributing them in the Topics Documentary and the Topics Documentary's Cover without authorization and by unlawfully preparing derivative works from the *Twilight* Motion Pictures, the Authorized Documentary, the Original Authorized Documentary Cover, and/or the Authorized Documentary Cover.

62.     Summit is informed and believes and on that basis alleges that Defendants had full knowledge that their acts were wrongful and unlawful and have continued to infringe said copyrights, throughout the United States and various other territories of the world.  Defendants continued to market and display the Topics Documentary's Cover and sell the Topics Documentary <u>after</u> Summit sent to Defendants the first cease and desist letter informing Topics that Defendants' use of the *Twilight* Motion Pictures, the Authorized Documentary, the Original Authorized Documentary Cover, and/or the Authorized Documentary Cover infringed its copyrights and/or exclusive rights, and after Topics and James

1  represented that they were going to alter the Topics Documentary's Cover as to

2  make it allegedly non-infringing.  Defendants' infringing acts were and continue to

3  be committed willfully.

4      63.   By reason of the foregoing, Summit has suffered damages in an

5  amount to be determined at trial, and is entitled, at its election, to either (a) all

6  damages suffered by Summit, along with all gains, profits and advantages derived

7  by Defendants from the acts of infringement, plus exemplary and punitive damages

8  in amounts to be proven at trial, or (b) statutory damages as provided for in the

9  Copyright Act of the United States.

10      64.   Summit is also entitled to attorneys' fees and a preliminary and

11  permanent injunction under the Copyright Act.

12  **FIFTH CAUSE OF ACTION**

13  **(Statutory and Common Law Unfair Competition)**

14      65.   Summit repeats and realleges each and every allegation of paragraphs 1

15  through 64, above, as though fully set forth herein.

16      66.   By reason of the foregoing, Defendants have been, and are, engaged in

17  "unlawful, unfair or fraudulent business practices" in violation of §§ 17200 *et seq.*

18  of the California Bus. & Prof. Code and acts of unfair competition in violation of

19  the common law.

20      67.   Defendants' acts complained of herein have damaged and will continue

21  to damage Summit irreparably.  Summit has no adequate remedy at law for these

22  wrongs and injuries.  The damage to Summit includes harm to its trademarks,

23  goodwill, and reputation in the marketplace that money cannot compensate.

24  Summit is therefore entitled to:  (a) injunctive relief restraining and enjoining

25  Defendants and their agents, servants, employees, and attorneys, and all persons

26  acting thereunder, in concert with, or on their behalf, from using the TWILIGHT

27  Marks and the Topics Documentary's Cover, any colorable imitation or variation

28  thereof, or any mark, name, symbol, or logo which is confusingly similar thereto, in

connection with the marketing or sale of any goods or services by Defendants; (b) injunctive relief restraining and enjoining Defendants and their agents, servants, employees, and attorneys, and all persons acting thereunder, in concert with, or on their behalf, from reproducing content or artwork owned by Summit in connection with the marketing or sale of any goods or services by Defendants; (c) Summit's actual damages sustained as a result of Defendants' wrongful acts; (d) an accounting of Defendants' profits from their sales of any products bearing the TWILIGHT Marks or containing copyrighted content or other artwork owned by Summit, or any other goods which make use of the TWILIGHT Marks or content or other artwork owned by Summit; (e) the award of Defendants' unjust profits, as well as sums sufficient to compensate Summit for all harm suffered as a result of Defendants' conduct; and (f) punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Summit prays that this Court enter judgment against Defendants as follows:

1.      Finding that Defendants have violated 15 U.S.C. § 1125(a) and the common law, have infringed the TWILIGHT Marks under the common law, have infringed Summit's copyrights under 17 U.S.C. § 501, have violated 15 U.S.C. § 1125(c)(1) and Cal. Bus. & Prof. Code § 14330, and have violated Cal. Bus. & Prof. Code § 17200 and the common law by engaging in unlawful, unfair, and fraudulent business practices;

2.      Ordering that Defendants and their subsidiaries, officers, agents, servants, directors, employees, servants, partners, representative, assigns, distributors, successors, related companies, and attorneys and all persons in active concert or participation with Defendants or with any of the foregoing be enjoined preliminarily during the pendency of this action and permanently thereafter from:

a.      Manufacturing, transporting, promoting, importing, advertising, publicizing, distributing, offering for sale, or selling any goods bearing

the TWILIGHT Marks or the Topics Documentary's Cover or any other mark, name, symbol, or logo which is likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that any goods that Defendants caused to enter the stream of commerce are sponsored, licensed, or endorsed by Summit, are authorized by Summit, or are connected or affiliated in some way with Summit, the *Twilight* Motion Pictures, or the Authorized Documentary;

    b. Manufacturing, transporting, promoting, importing, advertising, publicizing, distributing, offering for sale, or selling any goods bearing the TWILIGHT Marks or any other mark, name, symbol, or logo that is a copy or colorable imitation of, incorporates, or is confusingly similar to the TWILIGHT Marks;

    c. Falsely implying Summit's endorsement of Defendants' goods or engaging in any act or series of acts which, either alone or in combination, constitutes unfair methods of competition with Summit and from otherwise interfering with, or injuring the TWILIGHT Marks or the goodwill associated therewith;

    d. Copying, displaying, featuring, or using the *Twilight* Motion Pictures, the Authorized Documentary, the Original Authorized Documentary Cover, the Authorized Documentary Cover, or any other copyrightable subject matter from or related to the *Twilight* Motion Pictures, the Authorized Documentary, the Original Authorized Documentary Cover, the Authorized Documentary Cover, or any works substantially similar thereto, or engaging in any act in violation of Summit's copyrights, including but not limited to, selling, promoting, advertising, or distributing the Topics Documentary;

    e. Engaging in any act which is likely to dilute the distinctive quality of the TWILIGHT Marks and/or injures Summit's business reputation;

    f. Representing or implying that Defendants are in any way

1  sponsored by, affiliated with, or endorsed or licensed by Summit; or

2           g.      Knowingly assisting, inducing, aiding, or abetting any

3  other person or business entity in engaging in or performing any of the activities

4  referred to in paragraphs 2(a) to (f) above.

5      3.      Ordering that Summit is the exclusive owner of the TWILIGHT Marks

6  and that such marks are valid;

7      4.      Ordering that Summit is the exclusive owner of the copyrights in the

8  *Twilight* Motion Pictures and/or the Authorized Documentary Cover and that such

9  copyrights are valid.

10     5.      Ordering that Defendants be required to recall and deliver to Summit

11 for destruction all DVDs of the Topics Documentary (including but not limited to

12 DVDs that have been produced even if they have not yet been released), which bear

13 the TWILIGHT Marks, the Topics Documentary's Cover, or any other trademarks,

14 names, logo, trade dress, or packaging that are confusingly or substantially similar

15 to the TWILIGHT Marks and/or which contain copyrighted content embodied in

16 the *Twilight* Motion Pictures, the Authorized Documentary, the Original

17 Authorized Documentary Cover, and the Authorized Documentary Cover, or other

18 copyrighted works, the copyrights to which are owned by Summit;

19     6.      Granting an award of damages suffered by Summit according to proof

20 at the time of trial;

21     7.      Ordering that Defendants account to Summit for any and all profits

22 earned as a result of Defendants' acts of infringement in violation of Summit's

23 rights under the Lanham Act, the Copyright Act, Cal. Bus. & Prof. Code  § 17200,

24 *et seq.*, and the common law;

25     8.      Granting an award of three times the amount of compensatory

26 damages and increased profits pursuant to 15 U.S.C. § 1117;

27     9.      Granting an award of statutory damages pursuant to 17 U.S.C.

28 § 504(c);

1    10.    Granting an award of punitive damages for the willful and wanton

2    nature of Defendant's aforesaid acts;

3    11.    For pre-judgment interest on any recovery by Summit;

4    12.    Granting an award of Summit's costs, expenses, and reasonable

5    attorneys' fees; and

6    13.    Granting such other and further relief as is just and proper.

7                                  Respectfully submitted,

8                                  MANATT, PHELPS & PHILLIPS, LLP

9

10   Dated:  February 8, 2010          By: _____
11                                          Jill M. Pietrini
                                            Barry E. Mallen
12                                          Paul A. Bost
                                            *Attorneys for Plaintiff*
13                                          SUMMIT ENTERTAINMENT, LLC

14

15                            **JURY DEMAND**

16
     Summit demands a trial by jury of all issues triable by jury.
17
                                    Respectfully submitted,
18
                                    MANATT, PHELPS & PHILLIPS, LLP
19

20
     Dated:  February 8, 2010          By: _____
21                                          Jill M. Pietrini
22                                          Barry E. Mallen
                                            Paul A. Bost
23                                          *Attorneys for Plaintiff*
                                            SUMMIT ENTERTAINMENT, LLC
24

25

26   300054657.3

27

28

AO 440 (Rev. 02/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | | |
|---|---|---|
| SUMMIT ENTERTAINMENT, LLC, a Delaware limited liability company, | ) ) ) | |
| *Plaintiff* | ) | Civil Action No. CV 10 - 00939 -GHK (EX) |
| v. | ) ) | |
| TOPICS ENTERTAINMENT, INC., a Washington corporation; GREG JAMES, an individual; RALPH GALVAN, an individual; CHRIS ABERNATHY, an individual; and DOES 1-10, inclusive | ) ) ) ) ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Topics Entertainment, Inc., a Washington corporation
3401 Lind Ave. SW
Renton, WA  98057

Ralph Galvan, an individual
3401 Lind Ave. SW
Renton, WA  98057

Greg James, an individual
3401 Lind Ave. SW
Renton, WA  98057

Chris Abernathy, an individual

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

**Jill M. Pietrini (SBN 138335)**
**Barry E. Mallen (SBN 120005)**
**Paul Bost (SBN 261531)**
**MANATT, PHELPS & PHILLIPS, LLC**
**11355 West Olympic Boulevard**
**Los Angeles, CA  90064**

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:   8 FEB 2010

*Signature of Clerk or Deputy Clerk*

American LegalNet, Inc.
www.FormsWorkflow.com

AO 440 (Rev. 02/09) Summons in a Civil Action (Page 2)

Civil Action No. _____

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $. _____


I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                          *Server's signature*

                                        _____
                                                          *Printed name and title*


                                        _____
                                                          *Server's address*

Additional information regarding attempted service, etc:



300055315.1

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>SUMMIT ENTERTAINMENT, LLC, a Delaware limited<br>liability company | **DEFENDANTS**<br>TOPICS ENTERTAINMENT, INC., a Washington corporation;<br>GREG JAMES, an individual; RALPH GALVAN, an<br>individual; CHRIS ABERNATHY, an individual; and<br>DOES 1-10, inclusive |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing<br>yourself, provide same.)<br>MANATT, PHELPS & PHILLIPS, LLP<br>Jill M. Pietrini (SBN 138335)        jpietrini@manatt.com<br>Barry E. Mallen (SBN 120005)       bmallen@manatt.com<br>Paul Bost (SBN 261531)              pbost@manatt.com<br>11355 West Olympic Boulevard<br>Los Angeles, CA 90064-1614<br>Telephone: (310) 312-4000; Facsimile: (310) 312-4224 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S.
                                             Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship
                                             of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place<br>of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place<br>of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original        ☐ 2 Removed from    ☐ 3 Remanded from    ☐ 4 Reinstated or    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-        ☐ 7 Appeal to District
    Proceeding          State Court          Appellate Court        Reopened                                                                      District          Judge from
                                                                                                                                                 Litigation        Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No            ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Complaint for False Designation of Origin -- 15 U.S.C. § 1125(a); Trademark Infringement, Dilution--15 U.S.C.§ 1125(c); Cal. Bus. &
Prof. Code § 14330; Copyright Infringement; Statutory and Common Law Unfair Competition

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL<br>PROPERTY | PRISONER<br>PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate | ☐ 710 Fair Labor Standards |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product | ☐ 371 Truth in Lending | Sentence Habeas | Act |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | Liability | ☐ 380 Other Personal | Corpus | ☐ 720 Labor/Mgmt. |
| ☐ 450 Commerce/ICC | ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Property Damage | ☐ 530 General | Relations |
| Rates/etc. | ☐ 150 Recovery of | Slander | ☐ 385 Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. |
| ☐ 460 Deportation | Overpayment & | ☐ 330 Fed. Employers' | Product Liability | ☐ 540 Mandamus/ | Reporting & |
| ☐ 470 Racketeer Influenced | Enforcement of | Liability | **BANKRUPTCY** | Other | Disclosure Act |
| and Corrupt | Judgment | ☐ 340 Marine | ☐ 22 Appeal 28 USC | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product | 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted | Liability | ☐ 423 Withdrawal 28 | **FORFEITURE /** | Litigation |
| ☐ 490 Cable/Sat TV | Student Loan (Excl. | ☐ 350 Motor Vehicle | USC 157 | **PENALTY** | ☐ 791 Empl. Ret. Inc. |
| ☐ 810 Selective Service | Veterans) | ☐ 355 Motor Vehicle | **CIVIL RIGHTS** | ☐ 610 Agriculture | Security Act |
| ☐ 850 Securities/Commodities/ | ☐ 153 Recovery of | Product Liability | ☐ 441 Voting | ☐ 620 Other Food & | **PROPERTY RIGHTS** |
| Exchange | Overpayment of | ☐ 360 Other Personal | ☐ 442 Employment | Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 | Veteran's Benefits | Injury | ☐ 443 Housing/Acco- | ☐ 625 Drug Related | ☐ 830 Patent |
| USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- | mmodations | Seizure of | ☒ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | Med Malpractice | ☐ 444 Welfare | Property 21 USC | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product | ☐ 365 Personal Injury- | ☐ 445 American with | 881 | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization | Liability | Product Liability | Disabilities - | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal | Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | Injury Product | ☐ 446 American with | ☐ 650 Airline Regs | 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | Liability | Disabilities - | ☐ 660 Occupational | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | **IMMIGRATION** | Other | Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization | ☐ 440 Other Civil | ☐ 690 Other | **FEDERAL TAX SUITS** |
| nation Under Equal | ☐ 240 Torts to Land | Application | Rights | | ☐ 870 Taxes (U.S. Plaintiff |
| Access to Justice | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- | | | or Defendant) |
| ☐ 950 Constitutionality of State | ☐ 290 All Other Real Property | Alien Detainee | | | ☐ 871 IRS-Third Party 26 |
| Statutes | | ☐ 465 Other Immigration | | | USC 7609 |
| | | Actions | | | |

| | |
|---|---|
| **FOR OFFICE USE ONLY:**    Case Number:    **CV10-00939** | |

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

COPY

American LegalNet, Inc.<br>www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Summit Entertainment, LLC – Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Chris Abernathy – Los Angeles county | Topics Entertainment, Ralph Galvan and Greg James – Washington State |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| All claims – Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):   *Paul Ba*   Date  **February 8, 2010**

Paul Bost

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com