MANATT, PHELPS & PHILLIPS, LLP
Jill M. Pietrini (Bar No. CA 138335)
  jpietrini@manatt.com
Barry E. Mallen (Bar No. CA 120005)
  bmallen@manatt.com
Paul A. Bost (Bar No. CA 261531)
  pbost@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA  90064-1614
Telephone:  (310) 312-4000
Facsimile:  (310) 312-4224

*Attorneys for Plaintiff*
SUMMIT ENTERTAINMENT, LLC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| SUMMIT ENTERTAINMENT, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>TOPICS ENTERTAINMENT, INC., a Washington corporation; GREG JAMES, an individual; RALPH GALVAN, an individual; CHRIS ABERNATHY, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. CV 10-00939 GHK (CFEx)<br><br>**PRELIMINARY INJUNCTION**<br><br>Date:         March 11, 2010<br>Time:        9:30 a.m.<br>Courtroom: 650 - Roybal Building<br>                    Hon. George H. King |

Plaintiff Summit Entertainment, LLC ("Summit") has filed and served an Ex Parte Application For A Temporary Restraining Order And An Order To Show Cause Re: Preliminary Injunction (the "Application").  The Application is directed to Defendants Topics Entertainment, Inc. ("Topics"), Greg James ("James"), Ralph Galvan ("Galvan") and Chris Abernathy ("Abernathy") (collectively, "Defendants").  The Court combined the hearings for the TRO and the Order to Show Cause Re: Preliminary Injunction for hearing on March 11, 2010 at 9:30 a.m.

After a review of the moving papers, the opposing papers, the file in this civil

action, and hearing argument of counsel at the hearing, the Court hereby rules as follows:

1. The motion for Preliminary Injunction is granted.

2. Pursuant to Federal Rule of Civil Procedure 65(d)(1), the Court made findings on the record at the hearing held on March 11, 2010.

3. The Court hereby orders the following preliminary injunctive relief ("Injunctive Relief"), to wit, that Defendants and their subsidiaries, officers, agents, servants, directors, employees, servants, partners, representatives, assigns, distributors, successors, affiliates, related companies, and attorneys, and all persons in active concert or participation with Defendants or with any of the foregoing, be enjoined from:

    a. Manufacturing, transporting, promoting, importing, advertising, publicizing, distributing, offering for sale, or selling any goods (including the documentary entitled *Forks: Bitten by Twilight* ("the Topics Documentary"), any of its covers and/or its promotional materials) bearing the trademark TWILIGHT in block letters or in the format shown below (the "TWILIGHT Marks"):

[twilight logo]

or any other mark, name, symbol, or logo which is likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that any goods that Defendants caused to enter the stream of commerce are sponsored, licensed, or endorsed by Summit, are authorized by Summit, or are connected or affiliated in some way with Summit, the motion pictures *Twilight* and *The Twilight Saga: New Moon* (collectively, "the *Twilight* Motion Pictures"), or the documentary entitled *Twilight in Forks: The Saga of the Real Town*, marketed, distributed, and sold by Summit ("the Authorized Documentary");

    b. Manufacturing, transporting, promoting, importing, advertising, publicizing, distributing, offering for sale, or selling any goods bearing the

TWILIGHT Marks or any other mark, name, symbol, or logo that is a copy or colorable imitation of, incorporates, or is confusingly similar to the TWILIGHT Marks;

    c.    Representing that Summit has endorsed, sponsored, licensed, approved, or is affiliated with Defendants' products or that Defendants' products are affiliated or connected with the *Twilight* Motion Pictures or the Authorized Documentary; and

    d.    Knowingly assisting, inducing, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraphs 3(a) to (c) above.

4.    Summit shall post a bond in the sum of Ten Thousand Dollars (US$10,000) for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.

5.    The Injunctive Relief shall remain in effect until the adjudication of the case.

Dated: March 11, 2010

_____
UNITED STATES DISTRICT JUDGE