1  MANATT, PHELPS & PHILLIPS, LLP
   Jill M. Pietrini (Bar No. CA 138335)
2    jpietrini@manatt.com
   Barry E. Mallen (Bar No. CA 120005)
3    bmallen@manatt.com
   Paul A. Bost (Bar No. CA 261531)
4    pbost@manatt.com
   11355 West Olympic Boulevard
5  Los Angeles, CA 90064-1614
   Telephone: (310) 312-4000
6  Facsimile: (310) 312-4224

FILED
CLERK, U.S. DISTRICT COURT

JUL 1 2 2010

CENTRAL DISTRICT OF CALIFORNIA
BY              DEPUTY

7  *Attorneys for Plaintiff*
   SUMMIT ENTERTAINMENT, LLC

JS-6

8

9              UNITED STATES DISTRICT COURT
10             CENTRAL DISTRICT OF CALIFORNIA
                    WESTERN DIVISION
11

12 | SUMMIT ENTERTAINMENT, LLC, | Case No. CV10-00939 GHK (Ex)
   | a Delaware limited liability company, |
13 |                                        | [PROPOSED] JUDGMENT (FILED
   |                Plaintiff,              | UNDER SEAL)
14 |
   |        v.
15 |
   | TOPICS ENTERTAINMENT, INC., a
16 | Washington corporation; GREG
   | JAMES, an individual; RALPH
17 | GALVAN, an individual; CHRIS
   | ABERNATHY, an individual; and
18 | DOES 1-10, inclusive,
   |
19 |                Defendants.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

IT IS HEREBY STIPULATED by and between plaintiff Summit Entertainment, LLC, a Delaware limited liability company ("Summit") and Defendants Topics Entertainment, Inc., a Washington corporation ("Topics"), Greg James, Ralph Galvan, and Chris Abernathy (collectively, "Defendants") that a Judgment shall be entered to fully and finally dispose of this civil action and that the Judgment be as follows:

WHEREAS, on February 8, 2010, Summit filed its Complaint in this civil action against Defendants;

WHEREAS, on February 12, 2010, Summit filed its First Amended Complaint in this civil action against Defendants;

WHEREAS, on March 11, 2010, the Court entered a preliminary injunction ("Preliminary Injunction") against Defendants;

WHEREAS, on March 23, 2010, the Parties stipulated to the filing of the Second Amended Complaint ("SAC") and, on March 25, 2010, the Court ordered that the SAC was deemed filed as of that date;

WHEREAS, Summit is the owner of the TWILIGHT mark in block letters and the TWILIGHT stylized mark, as seen below:

twilight

for various goods and services (which are collectively referred to herein as the "TWILIGHT Marks") and the NEW MOON mark in block letters for various goods and services;

WHEREAS, Summit is the producer and owner of all rights associated with the motion pictures *Twilight*, *The Twilight Saga: New Moon*, *The Twilight Saga: Eclipse*, and *The Twilight Saga: Breaking Dawn*, and is the exclusive distributor of the documentary entitled *Twilight in Forks: The Saga of the Real Town*

1  (collectively "the *Twilight* Motion Pictures")

2      WHEREAS, Summit is the owner and/or exclusive licensee of the following

3  registered copyrights (which are collectively referred to herein as the "Summit

4  Copyrights"):

5      a.    Reg. No. VA 1-702-779 for the *Twilight in Forks: The Saga of*

6  *the Real Town* DVD's ("the Authorized Documentary") original cover art; and

7      b.    Reg. No. VA 1-703-630 for the Authorized Documentary's final

8  cover art;

9      WHEREAS, in the SAC, Summit alleged that Defendants were using the

10 TWILIGHT Marks in interstate commerce for DVDs and motion pictures without

11 the consent of Summit;

12     WHEREAS, in the SAC, Summit alleged that Defendants' cover art to the

13 *Forks: Bitten by Twilight* DVD ("the Topics Documentary") infringed the Summit

14 Copyrights;

15     WHEREAS, Summit and Defendants have entered into a settlement

16 agreement dated May 12 7, 2010 (the "Agreement") with the mutual intention of

17 resolving all disputes between them which arise from the allegations of the SAC;

18     WHEREAS, this Court has jurisdiction over the subject matter of this

19 controversy pursuant to 15 U.S.C. § 1121(a) (Lanham Act jurisdiction), 17 U.S.C. §

20 501 (Copyright Act jurisdiction), 28 U.S.C. § 1331 (federal question jurisdiction),

21 28 U.S.C. § 1338(a) (trademark and copyright jurisdiction) and 28 U.S.C. § 1338(b)

22 (unfair competition jurisdiction);

23     THE COURT HEREBY ORDERS, ADJUDGES AND DECREES:

24     1.    <u>Permanent Injunction</u>. Defendants and their respective (as the case

25 may be) past and present officers, directors, servants, employees, partners, parent

26 entities, subsidiaries, affiliates, representatives, licensees, related companies,

27 shareholders, successors, assigns, attorneys and agents, and all persons in active

28

concert or participation with any of Defendants or with any of the foregoing *who receive actual notice of this injunction* are hereby permanently enjoined from:

(a) Manufacturing, transporting, promoting, importing, advertising, publicizing, distributing, displaying, offering for sale or selling any good or service under any of the TWILIGHT Marks, or any other mark, name, symbol, design or logo that is likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that any goods or services that Defendants caused to enter the stream of commerce are sponsored, licensed, or endorsed by Summit, are authorized by Summit, or are connected or affiliated with Summit, or the *Twilight* Motion Pictures;

(b) Manufacturing, transporting, promoting, importing, advertising, publicizing, distributing, displaying, offering for sale or selling any good or service under any of the TWILIGHT Marks or any other mark, name, symbol, design or logo that is confusingly similar to or a reproduction, counterfeit, copy, or colorable imitation of, or incorporates, the TWILIGHT Marks;

(c) Falsely implying Summit's endorsement of any of Defendants' commercial activities or goods or services;

(d) *Falsely* Representing that Summit has endorsed, sponsored, licensed, approved, or is affiliated with Defendants' products or that Defendants' products are affiliated or connected with the *Twilight* Motion Pictures;

(e) Seeking to register any of the TWILIGHT Marks or any other mark, name, symbol, design or logo which is likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that the businesses, goods or services of any of Defendants are sponsored or endorsed or authorized by Summit or are connected or affiliated in some way with Summit or the *Twilight* Motion Pictures;

(f) Assisting, inducing, aiding or abetting any person or business entity in engaging in or performing any of the activities referred to in sub-

paragraphs (a) to (e), inclusive, above. Defendants will not be deemed to be in violation of this Permanent Injunction if third parties, without Defendants' assistance, inducement, or aid and not in concert or participation with Defendants, commit any acts violating sub-paragraphs (a) to (e).

2. **Delivery and Destruction of Infringing Articles**. Within ten (10) court days of the Parties' entry of the Agreement, Defendants shall: (a) deliver to counsel for Summit all physical copies of the Topics Documentary as well as any masters, film and negatives, and physical copies of packaging and promotional and marketing artwork and materials; (b) delete or alter all electronic media under their control (including, without limitation, web pages and metatags) so as to remove all instances of the TWILIGHT Marks; and (c) destroy, erase or alter all other physical objects so as to remove all uses of the Twilight Intellectual Property referenced herein.

3. **Proof of Compliance**. Within fourteen (14) court days of the Court's entry of the Judgment, Defendants shall serve upon Summit a declaration under penalty of perjury that they have each complied with the terms of the Judgment and the Agreement, including the delivery and destruction of infringing articles.

4. **Attorneys' Fees and Costs**. Each party shall bear its or his own attorneys' fees and costs arising out of, related to, or incurred in this civil action, except as provided in paragraphs 5 and 6 below.

5. **Violation of Judgment – Contempt of Court**. In the event that any part of this Judgment is violated by Defendants, or by any of their present or former officers, directors, agents, servants, employees, shareholders, partners or representatives, or by any person in active concert and participation with Defendants that receives notice of this Judgment, Summit may file and serve a motion for contempt seeking damages, attorneys' fees and/or other appropriate relief.

6. <u>Violation of Judgment -- Prevailing Party Fees and Costs</u>. In an action or proceeding based upon an allegation that a party has violated this Judgment, the prevailing party shall be entitled to recover all of its reasonable attorneys' fees, and other costs incurred in connection with the action or proceeding. This paragraph shall not be construed to limit any party's rights, remedies or procedural options.

7. <u>No Admission of Liability</u>. By stipulating to this Judgment, Defendants do not admit liability for or the validity of any of Summit's claims; Defendants expressly deny all of Summit's claims; and this Judgment shall not be interpreted as an admission or a determination of wrongful or unlawful conduct by Defendants.

8. <u>Inducement</u>. As a material inducement for Summit's assent to this Stipulated Judgment, third party T-Wong Productions (a) hereby acknowledge that it produced the Topics Documentary and (b) hereby agrees to be personally bound by all of the terms and conditions of this Judgment which bind Defendants, including, without limitation, the permanent injunction.

9. <u>Binding Effect</u>. This Judgment shall be binding upon and inure to the benefit of the parties and all successors, assigns, parent entities, subsidiaries, officers, directors, members, shareholders, agents, affiliates, all entities which are "related companies" within the meaning of 15 U.S.C. § 1055, and other persons who are in active concert or participation with anyone described herein, who receive actual notice of this Judgment by personal service or otherwise.

10. <u>Continuing Jurisdiction</u>. This Court shall retain jurisdiction to enforce this Judgment and the Agreement.

11. <u>No Territorial Limit</u>. This Judgment shall be enforceable against any of Defendants for any acts that violate this Judgment that occur inside and/or outside of the United States of America.

12. <u>Bond</u>. The bond posted for the Preliminary Injunction by

1  Summit is hereby discharged.

2        13.  <u>Final Judgment</u>.  This Judgment shall be a final adjudication of
3  all claims alleged by Summit in this civil action, and this Judgment is not
4  appealable.

5        ~~14.  Under Seal. Summit and Defendants stipulate that this~~
6  ~~Judgment shall be filed under seal.~~

8  IT IS SO ORDERED:

10 Dated: 7/9/10

                                HON. GEORGE H. KING
                                UNITED STATES DISTRICT COURT